IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| JAICOURRIE DeWAYNE FINLEY, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | 2:10-CV-0150 |
| § | |
| RICK THALER, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

**REPORT AND RECOMMENDATION TO DENY, IN PART, AND
DISMISS, IN PART, PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging three (3) prison disciplinary proceedings that took place at the Telford Unit in Bowie County, Texas. Petitioner is presently incarcerated at the Clements Unit in Potter County, Texas pursuant to a 16-year sentence for a 2004 conviction for theft out of Harris County, Texas.[1] The undersigned United States Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief should be DENIED, IN PART, and DISMISSED, IN PART.

I.
BACKGROUND

Cause No. 20090292742: On July 9, 2009, petitioner was found guilty of creating a

---

[1] This information was obtained from the online Offender Information Detail database maintained by the Texas Department of Criminal Justice (TDCJ).

disturbance by tying his door closed with his sheet. Punishment assessed included the forfeiture of thirty (30) days previously accrued good time.

Cause No. 20090302927: On July 9, 2009, petitioner was found guilty of threatening to inflict harm on three (3) wardens by writing the threats on the wall of his cell with feces. Punishment assessed included the loss of 360 days previously accrued good time.

Cause No. 20090307261: On July 27, 2009, petitioner was found guilty of exposing a nurse and an officer to body fluids (by spitting) and for failing to obey an order. Punishment assessed included the loss of 360 days previously accrued good time.

Petitioner challenged Cause No. 20090292742 by filing a Step 1 grievance. The disciplinary case was reviewed and, on September 1, 2009, such grievance was denied as no procedural errors were found, there was sufficient evidence to support the guilty verdict, and punishment imposed was within established guidelines. Instead of further pursuing his challenge to the disciplinary case by filing a Step 2 grievance, petitioner filed a second Step 1 grievance. This grievance was returned as redundant to his first Step 1 grievance. Petitioner then filed his Step 2 grievance which was denied because the guilty verdict was supported by a preponderance of the evidence, due process requirements were satisfied, and the punishment assessed was within the guidelines.

Petitioner challenged Cause No. 20090302927 by filing a Step 1 grievance. The disciplinary case was reviewed and, on September 1, 2009, such grievance was denied as no procedural errors were found, there was sufficient evidence to support the guilty verdict, and punishment imposed was within established guidelines. Instead of further pursuing his challenge to the disciplinary case by filing a Step 2 grievance, petitioner filed a second Step 1 grievance. This

grievance was returned as redundant to his first Step 1 grievance.  Petitioner then filed his Step 2 grievance which was denied because the guilty verdict was supported by a preponderance of the evidence, due process requirements were satisfied, and the punishment assessed was within the guidelines.  Petitioner filed a third Step 1 grievance (although identifying the Cause No. as 20090307261) which was returned because the grievable time period had expired.

Petitioner challenged Cause No. 20090307261 by filing a Step 1 grievance.  The disciplinary case was reviewed and, on September 3, 2009, such grievance was denied as no procedural errors were found, there was sufficient evidence to support the guilty verdict, and punishment imposed was within established guidelines. Instead of further pursuing his challenge to the disciplinary case by filing a Step 2 grievance, petitioner filed a second Step 1 grievance.  This grievance was returned as redundant to his first Step 1 grievance.  Petitioner then filed his Step 2 grievance which resulted in the disciplinary case being modified with the offense code for failing to obey an order being changed and the offense dismissed.  Petitioner's punishment remained the same.

On May 3, 2010, petitioner filed the instant habeas petition challenging all three (3) disciplinary proceeding decisions in the United States Court for the Eastern District of Texas.  On June 2, 2010, the Eastern District entered an Order transferring petitioner's habeas application, this Court receiving such application on June 23, 2010.  On July 29, 2010, respondent filed a response requesting this Court dismiss many of petitioner's claims for failure to exhaust, and to deny the remaining claims on the merits.  Petitioner did not file a reply rebutting the respondent's answer.

II.
PETITIONER'S ALLEGATIONS

Petitioner appears to contend his federal constitutional rights were violated during each of his disciplinary hearings as follows:

Case No. 20090292742:
1. Petitioner was denied the right to attend the hearing;
2. Petitioner was denied the right to submit a written statement;
3. Petitioner was denied witnesses;
4. Petitioner was denied witness statements;
5. Petitioner was denied cross examination of his accusers;
6. Petitioner was denied an impartial decision maker (petitioner had filed an administrative grievance against the hearing officer for sexual assault);
7. Petitioner was denied a written explanation of the charges, finding of guilt, and punishment; and
8. Petitioner was denied exculpatory evidence.

Case No. 20090302927:
1. Petitioner was denied the right to attend the hearing;
2. Petitioner was denied the right to submit a written statement;
3. Petitioner was denied witnesses;
4. Petitioner was denied cross examination of his accusers;
5. Petitioner was denied review of the evidence against him;
6. Petitioner was denied an impartial decision maker (petitioner had filed an administrative grievance against the hearing officer for sexual assault);
7. Petitioner was denied a written explanation of the charges, finding of guilt, and punishment; and
8. Petitioner was denied exculpatory evidence.

Case No. 20090307261:
1. Petitioner was denied the right to attend the hearing;
2. Petitioner was denied the right to submit a written statement;
3. Petitioner was denied witnesses;
4. Petitioner was denied cross examination of his accusers;
5. Petitioner was denied review of the evidence against him;
6. The Hearing Officer refused to consider a letter from petitioner's accuser wherein the accuser denied the offense happened;
7. Petitioner was denied an impartial decision maker (petitioner had filed an administrative grievance against the hearing officer for sexual assault);
8. Petitioner was denied a written explanation of the charges, finding of guilt, and punishment; and

    9.    Petitioner was denied exculpatory evidence.

## III.
## EXHAUSTION AND PROCEDURAL DEFAULT

Petitioner's federal habeas application is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Consequently, no relief may be granted to petitioner unless he has exhausted the remedies available in the courts of the State, or an exception to exhaustion exists. Petitioner's habeas application may, however, be denied on the merits notwithstanding petitioner's failure to exhaust the remedies available in the courts of the State. 28 U.S.C. § 2254(b)(2). This AEDPA deference scheme also applies to a habeas challenge to the determination resulting from a prison disciplinary procedure for which appeal is available through the grievance process. *Baxter v. Estelle*, 614 F.2d 1030 1031-32 (5th Cir. 1980). Such an appeal through the grievance process has been construed to constitute "the right under the law of the State to raise, by [an] available procedure, the question presented." 28 U.S.C. § 2254(c); *see also Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978).[2] Consequently, an inmate challenging a prison disciplinary proceeding on constitutional grounds must exhaust his administrative remedies by following all internal dispute resolution procedures before seeking habeas corpus relief in federal district court. To adequately exhaust state remedies, a claim for habeas relief must include reference to a specific federal constitutional guarantee and a statement demonstrating the petitioner is entitled to relief; a general appeal to a constitutional guarantee as broad as due process is inadequate to present the "substance" of the claims. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). Nor is a federal claim

---

[2] At the present time, the petitioner is not required to present habeas claims challenging prison disciplinary cases to the Texas Court of Criminal Appeals because that court has stated it will not entertain challenges to prison disciplinary proceedings or the denial of good conduct time credit under the Prison Management Act. *Ex parte Palomo,* 759 S.W.2d 671 (Tex. Crim. App. 1988).

adequately presented to the state by presenting somewhat similar claims. *Cf. Wilder v. Cockrell*, 274 F.3d 255, 259-60 (5th Cir. 2001).

Although petitioner challenged Disciplinary Case No. 20090292742 (disrupting operations), No. 2009030297 (threatening to inflict harm), and No. 20090307261 (exposing others to bodily fluid), through the prison grievance procedure, petitioner challenged such cases only on the bases that he was denied the right to attend the hearings, was denied the right to submit a written statement, was denied requested witnesses and/or statements, and was denied cross-examination of his accusers. Petitioner did not present any of the other claims raised in this habeas proceeding in his prison grievances. As a result, the merits of these claims with regard to the disciplinary proceedings were never administratively reviewed and petitioner's administrative remedies were not exhausted. Petitioner may not now attempt to properly exhaust his claims through the prison grievance system as any newly filed grievances would be untimely. Petitioner is procedurally barred from presenting all but the five (5) claims he presented in his grievances and as are identified above.

Petitioner has not submitted a reply to respondent's answer arguing to the contrary. Nor has petitioner demonstrated adequate cause for his procedural default, or actual prejudice as a result of such default. Consequently, petitioner is precluded from obtaining federal habeas corpus review on all but the five (5) claims identified above. For this reason, the following claims should be dismissed for failure to exhaust and as procedurally defaulted: Claims 6-8 challenging Disciplinary Case No. 20090292742; Claims 4-8 challenging Disciplinary Case No. 20090302927; and Claims 2, and 4-9 challenging Case No. 20090307261.

## V.
## MERITS

By his remaining claims, petitioner argues his right to due process was abridged during the disciplinary proceedings because he was not allowed to attend the hearings, was denied witnesses during the hearings, was denied witness statements during the hearings (Case No. 20090292742), was denied the right to submit a written statement (Case Nos. 20090292742 and 20090302927), and was denied cross-examination of his accusers (Case No. 20090292742). Petitioner's claims are without merit.

In his answer, respondent has set forth the appropriate standards required for disciplinary proceedings to comport with the Due Process Clause of the United States Constitution as set forth in *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963 (1974). It is thus unnecessary for this Report and Recommendation to repeat such well-established standards.

With regard to his claim that he was denied due process because he was not allowed to attend his hearing, the undersigned notes petitioner did not have an absolute right to attend the disciplinary hearings. In fact TDCJ-CID rules and procedures specifically provide that inmates may be excluded from a hearing if their behavior justifies their exclusion. *Disciplinary Rules and Procedures for Offenders*, Section VI.(A.). The disciplinary records reflect petitioner was excluded from the hearings in Case Nos. 20090292742 and 20090302927 because he had threatened officers and had even assaulted an officer the day of the hearing. The records also reflect petitioner was excluded from the hearing in Case No. 20090307261 because he refused to comply with a strip search. The disciplinary hearing officer was justified in excluding petitioner from the disciplinary hearings based on petitioner's behavior. Petitioner's exclusion from the hearings does not amount

to a violation of due process or a denial of any other constitutional right. Petitioner's claims should be denied.

Petitioner next claims he was denied due process in the disciplinary cases because he was denied the right to call witnesses and/or submit witness statements. The disciplinary records reflect, however, that in each case in which petitioner requested witnesses or witness statements, statements from those witnesses were made a part of the record. Petitioner's claims should be denied.

Petitioner also claims he was denied due process in Case No. 20090292742 because he was denied the right to submit a written statement. The disciplinary records reflect, however, that during the investigation of that case, petitioner gave a statement reciting his reasons for committing the offense and/or his defense to the charge. Such statement was put into writing and made a part of the record. The only statement included in the disciplinary records for Case No. 20090292742 (the threats written in fecal matter on petitioner's cell wall) was petitioner's statement during the preliminary investigation that, "They aren't helping me." While there was no statement from petitioner as to his reasons for committing the offense and/or his defense to the charge, petitioner has not demonstrated the inclusion of such a statement would have changed the results of the proceeding or that petitioner was denied due process due to the lack of such a statement. Petitioner's claim should be denied.

Lastly, petitioner claims he was denied due process in Case No. 20090307261 because he was denied the right to cross-examine witnesses. In *Wolff*, the United States Supreme Court determined that the Constitution, for purposes of due process, does not require that inmates be allowed to cross-examine witnesses in prison disciplinary proceedings. *Wolff*, 418 U.S. at 568. Petitioner's claim should be denied.

VI.
RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner JAICOURRIE DEWAYNE FINLEY be DENIED, IN PART, and DISMISSED, IN PART.

VII.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 22nd day of October 2012.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

* **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this

report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).